HOLLINGSWORTH v. DUANE.(a)

*New trial.*

A verdict will not be set aside, on account of the alienage of a juror. *Semble,* that it is a cause of challenge, before he is sworn.

IN this case (which was an action for a libel), the defendant filed a plea to the jurisdiction of the court, on the ground, that he, as well as the plaintiff, was a citizen of Pennsylvania. Issue being joined on that fact, it was found by the jury, that the defendant was not a citizen; and thereupon, in consequence of a previous agreement, a *venire* issued to ascertain the *quantum* of damages, which the verdict settled at $600. After *the verdict was given, it appeared, that one of the jurors was an alien; and [*354

---

(a) s. c. Wall. C. C. 47, 51, 77, 141.

[1] This was the court established under the act of 13th February 1801 (1 U. S. Stat. 89), under the Adams' administration. Hon. William Tilghman (afterwards and for many years Chief Justice of Pennsylvania) was commissioned as its president judge, on the 3d March 1801, to hold his office, during good behavior, as provided by the constitution. But on the 8th of March 1802, on the coming in of the Jefferson administration, the act was repealed (1 U. S. Stat. 132), and the judges were deprived of their offices, without the imputation of a fault. It is known, that Chief Justice Tilghman's opinion was against the validity of the repealing law; for, in a very able protest, published by Judge Basset, in which the breach of the constitution was strenuously as-serted, he remarks: " If any difference between me and my associates in office exists, it relates merely to the point of time for expressing our sentiments. I can confidently assert that, on deliberation, they coincide with me in other respects." It is said, that Judge Tilghman, in after life, never alluded to the circumstance of his having been a judge of that court. Binney's Eulogium, 16 S. & R. 441. Its decisions are chief reported in Mr. John B. Wallace's reports, originally published in 1801, by Asbury Dickens. The constitutionality of the repealing act was mooted, in the case of Stuart v. Laird, 1 Cr. 299, but the judges avoided any expression of opinion upon the question.

*Dallas* obtained a rule to show cause, why the verdict should not be set aside for that reason.

On the argument in *support* of the rule, it was contended : 1st. That the trial by jury, entire, was anxiously adopted by the United States, as well as by this state ; including the right and causes of challenge as at common law, in civil and in criminal cases. 1 Dall. Laws, App. 55, § 9, 11 ; Ibid. 58, § 25; 3 Ibid. 36, § 9, 6; 4 vol. Acts Cong. p. 25, art. 8, 9; 1 Dall. Laws, 134, § 4; 2 Ibid. 802, § 2; 3 Ibid. 606, § 16 ; 2 Ibid. 264, § 9, 12, 3 ; 1 vol. Acts Cong. 113, § 30 ; Ibid. 68, § 29.    2d. That on principle, as well as on authority, alienage was a cause of challenge to a juror, before verdict.    3 Dall. Laws, Const. art. VIII. ; 1 Acts Cong. Const. art. VI. ; Ibid. 67, § 29 ; 1 Roll. Abr. 657 ; Co. Litt. 156 *b ;* 3 Bl. Com. 362; Gilb. P. C. 94 ; 1 Dall. 74.    3d. That if the cause of challenge was unknown, when the jury was qualified, it may be used to set aside the verdict, as for a mistrial.    3 Dall. 515 ; 11 Mod. 119 ; 2 Wood. 352 ; An. Reg. 1790, p. 46 ; 2 Ld. Raym. 1410; 1 Str. 640 ; 1 Acts Cong. 6, § 17 ; 2 Str. 1000, 593.

*E. Tilghman* and *Ingersoll,* in · opposition to the rule, contended, 1st, That, in Pennsylvania, alienage was not a cause of challenge to a juror. But 2d. That the objection was too late, after the juror was sworn, and the verdict was given.

THE COURT, after a long advisement upon the subject, seemed to think, that alienage might have been a cause of challenge, before the juror was sworn ; but upon an extensive review of the authorities, they decided, that advantage could not be taken of it, after verdict.           ·

Rule discharged.*(a)*

---

*(a)* Since the discussion of this case, the marshal has been directed not to return aliens upon the panel; and, in many instances, when aliens have been returned, the state, as well as the federal, courts have discharged them, upon their own application.